UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                     No. 96-4362

SEAN BUTLER,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CR-95-480)

Submitted: October 29, 1996

Decided: December 17, 1996

Before HALL and WILKINS, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gregory B. English, ENGLISH & SMITH, Alexandria, Virginia, for
Appellant. Helen F. Fahey, United States Attorney, Dennis M. Ken-
nedy, Assistant United States Attorney, Alexandria, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Sean Butler, a prisoner in the Maximum Security Facility of the Lorton Reformatory Correctional Complex, Lorton, Virginia, was convicted of one count each of assault with a dangerous weapon (18 U.S.C. § 113(a)(3) (1994)), assault resulting in serious bodily harm (18 U.S.C. § 113(a)(6) (1994)), and prisoner possession of a shank (18 U.S.C. § 13 (1994), assimilating Va. Code Ann. § 53.1-203(4) (Michie 1994) and Va. Code Ann. § 18.2-10 (Michie 1996)). Finding no prejudicial error, we affirm.

Appellant's offenses involved the stabbing of a fellow inmate with a shank during an outside recreation period. Appellant admitted at trial that he had stabbed the victim, but claimed he acted in self-defense. Appellant testified on direct examination that he was in prison pursuant to convictions "for serious felonies, including kidnapping and carrying a pistol without a license." On cross-examination, Appellant admitted, without objection, that he committed the kidnapping "while armed." When the prosecutor asked Appellant if he had also been convicted of assault with a dangerous weapon, defense counsel objected, and, after a brief bench conference, the objection was overruled. The prosecutor asked the question again, and Appellant answered in the affirmative. On appeal, Appellant argues that the district court erred in allowing this question.

While the admission of evidence of a prior conviction for assault with a dangerous weapon presents a close question, we hold that even if the district court erred in admitting the evidence, the error was harmless beyond a reasonable doubt. See Arizona v. Fulminante, 499 U.S. 279 (1991). As stated above, the only issue at trial was whether Appellant stabbed the victim in self-defense. The Government produced overwhelming evidence contradicting this claim, including the Appellant's own testimony. We therefore conclude that the two brief

2

references to a prior conviction for assault with a dangerous weapon, committed under factually distinguishable circumstances, were harmless beyond a reasonable doubt.

Accordingly, we affirm Appellant's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>